UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

COURTNEY BATEMAN, *et al.*,  |
|
Petitioners,  |          Civil Action No. 7:10-00146-KKC
|
v.  |
|
USP- BIG SANDY,  |          **MEMORANDUM OPINION**
|          **AND ORDER**
Respondent.  |

***** ***** ***** *****

Petitioners Courtney Bateman and Robert Andrew Reed have filed have separate

*pro se* submissions entitled as petitions for writ of habeas corpus under 28 U.S.C. § 2241.

[R. 2 & 3]. For the reasons set forth below, both habeas petitions will be denied because

neither Bateman nor Reed are entitled to relief under § 2241.

## DISCUSSION

The Court screens the purported habeas petitions to determine if Bateman and

Reed are entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254

Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A

district court may summarily dismiss a § 2241 petition if it appears from its face that the

petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x

216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

In their petitions, Bateman and Reed seek an Order directing the United States

Marshals Service ("USMS") to transport them from USP-Big Sandy to the Federal

Courthouse in Pikeville, Kentucky, so that they can file criminal Complaints and address

the grand jury.[1]  When a federal prisoner challenges the execution of his sentence, *i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his  sentence, he may file a  § 2241 petition filed in the district where he is incarcerated.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  However, Reed and Bateman are not challenging the execution of their sentences; they seek injunctive relief, *i.e.*, an Order transporting them to a federal courthouse to file criminal complaints and speak to the grand jury.

Bateman's purported § 2241 petition will be dismissed for two reasons.  First, he failed to keep the Court apprised of his current address and failed to prosecute his claims.[2]  Second, Bateman's request to be transported to the Pikeville, Kentucky, federal courthouse is moot because he is no longer confined in USP-Big Sandy.  Generally, an inmate's transfer to another prison moots his request for injunctive relief.  *Lyons v. Azam*, 58 F. App'x. 85, 87 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Jones v. Pancake*, No. 06-188, 2007 WL 2407271, at *2 (W. D. Ky. August 20, 2007)

---

[1]

The person having day-to-day control over the facility in which a federal prisoner is being detained is generally considered the only proper respondent in a § 2241 proceeding.  *See* 28 U.S.C. § 2242; *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004).  As D. Berkebile is the Warden of USP-Big Sandy and Reed's custodian, the Clerk of the Court will be directed to designate Warden Berkebile as the sole respondent to this action and to terminate "USP-Big Sandy" as the respondent.

[2]

Bateman was confined in USP-Big Sandy when he filed this proceeding, but the copy of the May 5, 2011, Deficiency Order mailed to him was returned as undeliverable.  [R. 6].  By accessing the "Inmate Locator" feature of the Bureau of Prisons' ("BOP") website, www.bop.gov, the Court learned that Bateman is now confined in the USP-Hazelton, located in Bruceton Mills, West Virginia. Accordingly, on May 12, 2011, the Clerk of the Court mailed another copy of the Deficiency Order to Bateman at USP-Hazelton.  *See* R. 5 (Clerk's notation in bold).  That mailing has not been returned as "Undeliverable."  More than twenty days have passed since the May 12, 2011, re-mailing, but Bateman has neither paid the $5.00 filing fee nor submitted a motion to proceed *in forma pauperis*.

(prisoner's subsequent transfer to another facility mooted his Fourteenth Amendment claims and demands for injunctive relief).

Reed cannot seek relief from the conditions of BOP confinement in a § 2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). He must his submit his request for transportation to a federal courthouse in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the $350.00 filing fee or seek pauper status in that case. Prior to filing a civil rights action, Reed must fully exhaust his claim through the BOP's administrative remedy process, 28 C.F.R. § 542.10-19.

Even if Reed fully exhausts his demand, it would likely be summarily dismissed on the merits because he lacks standing to initiate a criminal action. The decision whether or not to prosecute, and what charge to file or bring before a grand jury, rests exclusively with state and federal prosecutors. *United States v. Armstrong*, 518 U.S. 456, 464 (1996); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Sahagian v. Dickey*, 646 F.Supp. 1502, 1506 (W.D. Wis. 1986). A person has no legal interest in the prosecution or nonprosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The Clerk of the Court is directed to terminate "USP-Big Sandy" as the Respondent to this action and to designate D. Berkebile, the Warden of USP-Big Sandy and Reed's custodian, as the sole Respondent to this action.

(2)     The 28 U.S.C. § 2241 petitions filed by Courtney Bateman and Robert Andrew, [R. 2 & 3], are **DENIED**.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

(4)     The Clerk of the Court is directed to send a copy of this Order to Petitioner Courtney Bateman at USP-Hazelton, P.O. Box 2000, Bruceton Mills, West Virginia, 26525.

Dated this 6th day of June, 2011.

**Signed By:**

**_Karen K. Caldwell_**  *KKC*

**United States District Judge**